# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil Action No. 25-0946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 25-0952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 25-0955 (CKK) |

## MEMORANDUM OPINION & ORDER
(April 3, 2025)

Now pending before the Court is a [18] Motion to Consolidate three recently filed cases. *See* Mot. to Consolidate ("Mot."), ECF No. 18 (Case No. 25-cv-0952). Each of the three cases at issue arises from President Donald J. Trump's issuance of an Executive Order entitled "Preserving

and Protecting the Integrity of American Elections." *See* Exec. Order No. 14,248, 90 Fed. Reg. 14005 (Mar. 25, 2025). The cases, in the order in which they were filed, are *League of United Latin American Citizens et al. v. Executive Office of the President et al.*, No. 25-cv-0946, *Democratic National Committee et al. v. Trump et al.*, No. 25-cv-0952, and *League of Women Voters Education Fund et al. v. Trump et al.*, No. 25-cv-0955. All parties to these cases agree that consolidation is appropriate, provided that the separately represented Plaintiffs "reserve the right to file their own pleadings, motions, and briefs in the consolidated cases" and that the Defendants "reserve the same rights for separate briefing with respect to each of the three consolidated cases." *See* Mot. at 2. For good cause shown, the Court shall **GRANT** the [18] Motion to Consolidate.

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate civil actions that "involve a common question of law or fact." When determining whether cases should be consolidated, "a court should consider both equity and judicial economy." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (RMU). Consolidation may be warranted if "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Id.* (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). To determine whether consolidation would be consistent with the interests of justice, courts "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.* (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (EGS)). After taking that balance into account, courts may consolidate cases brought by different plaintiffs that involve common issues and common defendants. *See, e.g.*, *id.* at 21–22; *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (BAH).

Here, there are "extensive common questions of law and fact" among the cases proposed to be consolidated. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287. First, each of the

three cases arises from the issuance of the same Executive Order. *See* Compl., ECF No. 1 (Case No. 25-cv-0946), ¶ 1; Compl., ECF No. 1 (Case No. 25-cv-0952), ¶ 4 & Ex. A; Compl., ECF No. 1 (Case No. 25-cv-0955), ¶ 1. Second, the Plaintiffs in each case raise similar challenges to the legal force of the Executive Order and the lawfulness of any action that agencies may take in response to it. For example, the Plaintiffs in each case allege that several provisions of the Executive Order violate constitutional separation-of-powers principles by intruding on the prerogatives of Congress and the States. *See* Compl. (Case No. 25-cv-0946) ¶¶ 190–92, 197–99; Compl. (Case No. 25-cv-0952) ¶¶ 136–39, 143–44, 151–53; Compl. (Case No. 25-cv-0955) ¶¶ 110–13. The Plaintiffs in each case also allege that the Executive Order directs the U.S. Election Assistance Commission to take action that is contrary to a federal statute governing the content of a federal voter registration form. *See* Compl. (Case No. 25-cv-0946) ¶¶ 216–17, 221; Compl. (Case No. 25-cv-0952) ¶¶ 174–77; Compl. (Case No. 25-cv-0955) ¶¶ 119–21. Finally, each of the cases seeks relief against some of the same defendants, including the U.S. Election Assistance Commission and each of its commissioners. *See* Compl., (Case No. 25-cv-0946) ¶¶ 23, 25–28 & at 49; Compl. (Case No. 25-cv-0952) ¶ 19 & at 68–69; Compl. (Case No. 25-cv-0955) ¶¶ 24–28 & at 33.

Because of these commonalities, consolidation of these cases would "promote the interests of judicial economy, consistency, timeliness," and "convenience" for the parties by reducing the need for duplicative briefing, argument, and analysis regarding overlapping issues. *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 287. All three cases are also currently in the same procedural posture, maximizing the potential efficiency gains from prompt consolidation. *Cf. Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (RCL) (declining to consolidate cases in part because they were "in vastly different procedural postures").

3

Meanwhile, consolidation would not create any undue risk of confusion or unfair prejudice to any party. This Court can mitigate any potential confusion by setting clear procedures for the orderly joint presentation of these cases. And consolidation will not prejudice the substantive rights of any party because consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933) (discussing 28 U.S.C. [former] § 734, the predecessor statute to Rule 42(a)). Instead, "consolidation is a purely ministerial act" that merely "relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 147–48 (D.D.C. 2002) (CKK). For all these reasons, the benefits of consolidating these cases outweigh any potential costs.

In sum, the Court finds that these cases "involve a common question of law or fact" and that consolidating the cases would serve the interests of justice, the parties, and the Court. *See* Fed. R. Civ. P. 24(a). Accordingly, it is hereby **ORDERED** that the cases *League of United Latin American Citizens et al. v. Executive Office of the President et al.*, No. 25-cv-0946, *Democratic National Committee et al. v. Trump et al.*, No. 25-cv-0952, and *League of Women Voters Education Fund et al. v. Trump et al.*, No. 25-cv-0955, are **CONSOLIDATED** for purposes of adjudication in this Court. It is further **ORDERED** that:

(1)    The parties shall make all future filings in these cases only on the docket for the earliest-numbered case, Civil Action No. 25-cv-0946, and the parties shall make no further filings on the dockets for Civil Action Nos. 25-cv-0952 and 25-cv-0955.

(2)    Each filing in the consolidated cases shall identify each of the three consolidated cases in the caption.

(3)    Each motion filed in the consolidated cases shall specifically identify the party or parties seeking relief and the party or parties against whom relief is sought.

(4)    The parties shall, to the greatest extent practicable, avoid filing duplicative motions, arguments, and exhibits. For example, if two aligned parties (e.g., two plaintiffs or two defendants) request different relief but their requests are based on common issues of law and fact, the aligned parties may file separate motions accompanied

by a joint memorandum addressing the common issues.  If necessary, any subset of the parties to any joint filing may file separate supplemental memoranda in support of any separate request(s) for relief.

(5)     The page limitations set forth in Local Rule of Civil Procedure 7(e) are modified as follows:

   (a)     Any joint memorandum filed in support of or in opposition to a motion or set of multiple related motions shall not exceed 60 pages.

   (b)     Any memorandum filed as a supplement to a joint memorandum in support of or in opposition to a motion or set of multiple related motions, if filed by a party that joins the joint memorandum and has requested separate relief, shall not exceed 15 pages.

   (c)     If two or more aligned parties file separate memoranda in support of or in opposition to the same motion or set of related motions, none of those separate memoranda shall exceed 30 pages.

   (d)     Any joint reply memorandum shall not exceed 30 pages.

   (e)     Any memorandum filed as a supplement to a joint reply memorandum, if filed by a party that joins the joint memorandum and has requested separate relief, shall not exceed 8 pages.

   (f)     If two or more aligned parties file separate reply memoranda in support of the same motion, none of those separate memoranda shall exceed 15 pages.

(6)     In advance of any hearing, counsel for aligned parties shall meet and confer regarding the division of issues to be addressed by each party's counsel at the hearing.  The Court shall allow counsel to present oral arguments and answer questions according to the division of issues to which aligned parties have agreed.

(7)     Before any party may expand the scope of any of the consolidated cases by adding new claims or parties, the parties to the consolidated cases shall meet and confer to discuss (a) whether each party consents to the proposed expansion and (b) whether the proposed expansion would warrant deconsolidation.  Any motion filed with the Court that would expand the scope of the consolidated cases shall indicate each party's position on these issues.

(8)     The Clerk of the Court is respectfully directed to close the dockets in Civil Action Nos. 25-cv-0952 and 25-cv-0955.


**SO ORDERED.**

**Dated:**  April 3, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge