IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PAMELA BONDI, in her official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in his official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in his official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY McCORMICK and BENJAMIN W. HOVLAND, in their official capacities as Commissioners of the U.S. Election Assistance Commission; PETE HEGSETH, in his official capacity as Secretary of Defense,<br><br>*Defendants.* | Case No. 1:25-cv-10810-DJC |

## **DECLARATION OF EDMUND MICHALOWSKI**

I, Edmund Michalowski, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct:

1

1. I am a resident of the State of Illinois. I am over the age of 18 and have personal knowledge of all the facts stated herein, except those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am the Deputy Clerk for Elections for the Office of the Cook County Clerk. I work for the Cook County Clerk Monica Gordon and support her work as chief election authority in Cook County, Illinois. In my role, I assist in the execution of the election process at the local level. I have served in this role since 2019.

3. The Cook County Clerk is the election authority responsible for administering elections in suburban Cook County, Illinois. As the local election authority, the Cook County Clerk handles local voter registration, trains election judges and deputy voter registrars, selects polling places, prints ballots, oversees Election Day activities, and supervises the vote count. The Cook County Clerk is the largest election authority in the State of Illinois with approximately 1.6 million registered voters in suburban Cook County. Specifically, for the November 5, 2024 Presidential Election, there were a total of 1,640,040 registered voters in suburban Cook County. A total of 1,089,942 voters cast ballots in that election.

4. In my role as Deputy Clerk for Elections, I am responsible for preparing and conducting all primary, general, and special elections held in Cook County; developing, implementing, and directing the activities of the Election Division, including registration, candidate filings, all forms of voting, ballot programming and testing, and voter outreach efforts; drafting the Election Division's long-term and short-term strategic

goals; working with voters, political parties, candidates, political jurisdictions, media, county departments, and other entities; and developing and presenting a proposed budget.

5. I am familiar with the Executive Order published on March 25, 2025, entitled "Preserving and Protecting the Integrity of American Elections" (the "EO"). The EO—specifically Sections 2(a), 7(a), and 7(b)—has substantial and adverse impacts on voting in Cook County, as well as the Cook County Clerk's ability to adequately administer elections.

6. It is my understanding that Section 2(a) of the EO directs the Election Assistance Commission ("EAC") to amend the national mail voter registration form ("Federal Form"), as provided by the National Voter Registration Act, to require applicants to provide "documentary proof of United States citizenship" ("DPOC"). *See* EO, § 2(a)(i)(A). The EO requires state and local officials to "record . . . the type" of DPOC presented at the time of voter registration, including recording specific information about the document. *Id.* § 2(a)(i)(B).

7. The Cook County Clerk currently uses and accepts the Federal Form when registering new voters. The EO's directive to include a new DPOC requirement on the Federal Form, as well as the requirement that state and local election officials record the type of DPOC presented, will require an overhaul of the Cook County Clerk's voter registration process, which will include (1) phasing out use of the old forms; (2) training those involved in the registration process on these new requirements and updating related training materials; and (3) modifying the registration database to account for these changes as well as ensure data security of the DPOC. Specifically, the Cook County Clerk will require an increased terminal-based computer system to scan, collect, and store the

requisite documentation, costing an estimated $900,000. Further, our efforts to address these directed changes on such a compressed timeline will divert time and attention from other critical election preparation.

8. Section 2(a) also risks voter disenfranchisement. Many eligible voters may not be able to easily obtain DPOC or may not be aware of this new requirement before the next election, resulting in them being unable to register to vote. This risk is not justified given that in the more than five years that I have served as Deputy Clerk for Elections for the Cook County Clerk, I have not learned of any issues related to widespread fraud in the registration of voters who were not citizens of the United States.

9. It is my understanding that Section 7(a) of the EO requires the Attorney General to "take all necessary action" to enforce the federal Election Day statutes "against States that violate these provisions," including States that count absentee or mail-in ballots received after Election Day in the final tabulation of the vote for federal offices. This provision of the EO appears to take immediate effect. *See* EO, § 7(a).

10. The Illinois Legislature in Article 19 of the Illinois Election Code has provided for mail balloting for registered voters. Ballots duly postmarked by the United States Post Office on or before the date of the election are valid if received within 14 days after the date of the election, through delivery to the Cook County Clerk by the United States Post Office. 10 ILCS 5/19-3, 19-8.

11. For the November 5, 2024 Presidential Election, the Cook County Clerk received a total of 193,943 mail-in ballots. Of the total number of mail-in ballots, 66,132 mail-in ballots, postmarked on or before Election Day, were received by the Cook County Clerk through delivery by the United States Post Office after Election Day. This included

4

ballots received from residents within the State of Illinois, registered voters temporarily outside the State of Illinois, and 2,074 overseas ballots, such as from military personnel serving outside the State of Illinois.

12. The Illinois Election Code also allows voters who cast mail-in ballots on or before Election Day to cure technical errors within 14 days after Election Day, allowing their ballots to ultimately be counted. 10 ILCS 5/19-8(g-5) (providing that if a vote-by-mail ballot is rejected by the election judge or official for any reason, the voter may appear before the election authority, on or before the 14th day after the election, to show cause as to why the ballot should not be rejected). It is not clear whether the EO allows tabulating ballots cured after Election Day, or if such tabulation would instead be a basis for enforcement action against the Cook County Clerk.

13. To minimize the number of voters whose ballots will be disregarded for being received or cured after Election Day, the Cook County Clerk will be required to devote significant additional resources to properly administer mail-in ballots in accordance with Section 7(a).

14. Specifically, the Cook County Clerk will need to expend a tremendous amount of time and expense to, among other things, train and retrain several hundred Cook County Clerk staff and more than 8,000 election judges and deputy voter registrars on the new policy regarding mail-in ballots. Implementation and management of the proposed change would require 100 plus more staff at a minimum of $7,500,000 in cost as well as the cost of acquiring additional rental space to accommodate increased staff. Further, the Cook County Clerk will have to institute a massive voter education program to ensure Cook County voters are familiar with this requirement. The Cook County Clerk engages in a

mailing campaign prior to each election to educate eligible voters on the election process. The Cook County Clerk will have to completely revamp its mailing materials prior to the next election cycle to reflect the new policy. As the largest election authority in Illinois, the Cook County Clerk will struggle to implement these changes in the shortened timeframe contemplated by the EO. As such, Section 7(a) could irreparably harm the orderly administration of elections in Cook County.

15. Further, like other provisions of the EO, Section 7(a) risks voter disenfranchisement. Given that Illinois law has long provided for additional time to receive and cure mail-in ballots, a significant portion of eligible voters in Cook County will be affected if Section 7(a) is permitted to take effect—potentially resulting in their votes not being counted—because they are not aware of the new requirement. This risk is not justified given that in the more than five years that I have served as Deputy Clerk for Elections for the Cook County Clerk, I have not learned of any issues related to widespread fraud in the casting and delivery of mail-in ballots that were received or cured in the 14 days after Election Day.

16. It is my understanding that Section 7(b) of the EO directs the EAC to "condition any available funding to a State on that State's compliance with" federal law that requires States to adopt "uniform and nondiscriminatory standards" for what constitutes a valid and countable vote, including that "there be a uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting," excluding ballots received after Election Day from tabulation. This direction to the EAC appears to take immediate effect. *See* EO, § 7(b).

17.     To the extent Illinois law does not currently comply with the Election Day rule outlined in Section 7 of the EO, Illinois risks a loss of federal elections funding that is integral to its ability to conduct functional elections. The Cook County Clerk in particular received $2,300,000 of federal funding pursuant to the Help America Vote Act during the last election cycle. This funding was used to help facilitate the administration of the election at the local level, particularly voter registration. The funding threatened in Section 7(b) is critical to the Cook County Clerk's ability to safely and efficiently conduct elections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 23, 2025, at Chicago, Illinois.

*Edmund M*

Edmund Michalowski
Deputy Clerk for Elections
Office of the Cook County Clerk