IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-10810-DJC |

**UNOPPOSED MOTION OF THE REPUBLICAN PARTY OF ARIZONA FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE***

The Republican Party of Arizona ("RPAZ") respectfully moves for leave to file a brief in this proceeding as an *amicus curiae*. The RPAZ's proposed brief is attached hereto as Exhibit A. As grounds for this Motion, the RPAZ states as follows:

1. Although no specific court rule governs *amicus* briefs in the federal district courts, this Court has recognized that *amici* can "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citation omitted).  More broadly, courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the criteria of any relevant rules, "as broadly interpreted." *Neonatology Associates,*

*P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.); *see also id*. at 131 (observing that "an *amicus* who makes a strong but responsible presentation in support of a party can truly serve as the court's friend").

2. The RPAZ is a statewide political party committee under Arizona law, and the organizing body of Arizona electors who are registered members of the Republican Party, the largest political party in Arizona. The RPAZ sponsors and engages in large-scale voter registration efforts, and promotes the election of Republican candidates in Arizona.

3. The RPAZ has direct and substantial interests in the subject matter of this litigation and the relief that the Plaintiffs seek. Executive Order No. 14248, *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14005 (Mar. 25, 2025) (the "Executive Order"), regulates voter registration procedures and prerequisites nationwide. The Executive Order's provisions—and, by extension, any injunctions prohibiting their implementation—necessarily structure and condition the competitive environment in which the electoral system and its participants (including the RPAZ) operate. *See Shays v. Fed. Election Comm'n.*, 414 F.3d 76, 86 (D.C. Cir. 2005) (recognizing political actors' interests in regulatory developments that "alter the competitive environment's overall rules"); *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 116 (1st Cir. 1999) (Lynch, J., concurring) ("Legislators and candidates, whose interests are directly implicated by campaign regulation, have often acted as intervenors" in related litigation); *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) (recognizing that political parties can litigate election-related issues under a theory of "competitive standing").

4. As an Arizona-based organization, RPAZ's perspective on the use of documentary proof of citizenship in voter registration carries particular salience. Since 2004, Arizona has been

virtually alone among the 50 states in requiring voters who use the state voter registration form to provide documentary proof of citizenship. *See* Ariz. Rev. Stat. §§ 16-166(F), 16-121.01(C). The Executive Order would adapt Arizona's regulatory approach to the Federal Form published by the Election Assistance Commission ("EAC"). Under Arizona's unique bifurcated voter registration system, individuals who register with the Federal Form and who do not have proof of citizenship on file with the state are designated as "federal-only" voters, and are ineligible to vote in state and local elections. *See* Ariz. Atty. Gen. Op. I13-011, 2013 WL 5676943 (Oct. 7, 2013). By extending the documentary proof of citizenship criterion to the Federal Form, the Executive Order ensures a more uniform and secure voter registration framework both in Arizona and nationwide.

5. The RPAZ and related Republican Party organizations have participated as parties and *amici* in various iterations of the long-running litigation arising out of Arizona's proof of citizenship laws. *E.g.*, *Mi Familia Vota v. Fontes*, 129 F.4th 691 (9th Cir. 2025) (petition for rehearing *en banc* pending). The Republican National Committee recently obtained from the U.S. Supreme Court a stay of an injunction against the enforcement of an Arizona statute that requires registrants using Arizona's state registration form to provide proof of citizenship. *See Republican Nat'l Comm. v. Mi Familia Vota*, 145 S. Ct. 108 (Mem.) (2024).

6. The RPAZ thus is well-positioned to offer the Court a detailed and nuanced analysis of the "complex superstructure of federal regulation atop state voter-registration systems," *Pub. Interest Legal Found., Inc. v. Bellows*, 92 F.4th 36, 52 (1st Cir. 2024) (internal citation omitted), created by the National Voter Registration Act of 1993, 52 U.S.C. § 20501, *et seq.* ("NVRA").

7. The crux of the *amicus*' argument is that the U.S. Supreme Court has explicitly, *see Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 12 (2013), and implicitly, *see Republican Nat'l Comm.*, 145 S. Ct. at 108, concluded that documentary proof of citizenship is—or at least

3

can be—"necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process," within the meaning of the NVRA.  52 U.S.C. § 20508(b)(2).  It follows that, regardless of whether or in what manner the President can direct the EAC's proceedings, the EAC itself undoubtedly has statutory authority to include a proof of citizenship component in the Federal Form.

8. The RPAZ is concerned that Plaintiffs' misinterpretation of the NVRA to preclude any documentary proof of citizenship requirement in federal elections under *any* circumstances embodies a consequential interpretative error that, if accepted by the Court, would conflict with *ICTA* and the Supreme Court's interim order in the ongoing Arizona litigation, as well as carry disruptive and deleterious repercussions for the RPAZ's (and others') voter registration activities in Arizona.

9. Counsel for the parties have represented to the undersigned that they do not oppose the RPAZ's request for leave to file an *amicus* brief.

**WHEREFORE**, the RPAZ respectfully requested leave to file its proposed brief as an *amicus curiae*.

Dated: May 19, 2025                                    Respectfully submitted,

                                              STATECRAFT PLLC

                                   By: */s/Thomas Basile*
                                        Thomas Basile (BBO #675427)
                                        Kory Langhofer (*pro hac vice* application pending)
                                        649 North Fourth Avenue, First Floor
                                        Phoenix, Arizona 85003
                                        (602) 382-4066
                                        tom@statecraftlaw.com
                                        kory@statecraftlaw.com

                                        *Counsel for Amicus Curiae Republican Party of Arizona*

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I conferred via email with counsel for the parties. Counsel for the Plaintiffs and counsel for the Defendants stated that they do not oppose RPAZ's requested leave to file an *amicus curiae* brief.

Dated: May 19, 2025                                    */s/Thomas Basile*
                                                                      Thomas Basile

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants on May 19, 2025.

Dated: May 19, 2025                                    */s/Thomas Basile*
                                                                      Thomas Basile