UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STATE OF CALIFORNIA, *et al.*,

        *Plaintiffs*,

   v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*,

        *Defendants*.

Case No. 1:25-cv-10810 (DJC)

## MOTION TO MODIFY PRELIMINARY INJUNCTION

In *Trump v. CASA, Inc.*, the Supreme Court held that federal courts lack the power to issue universal injunctions. --- S. Ct. ----, 2025 WL 1773631, at *6 (June 27, 2025). They must issue injunctions no "broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id*. at *15. While courts may administer complete relief between the parties, "'complete relief' is not synonymous with 'universal relief.'" *Id.* at *11–12. Because this Court's preliminary injunction prohibiting Defendants from implementing Executive Order 14248's section 2(d) is broader than necessary to provide complete relief to the Plaintiffs in this case, the Court should grant this motion and modify its injunction concerning section 2(d) to the Plaintiffs.

### PROCEDURAL BACKGROUND

On March 25, 2025, President Trump issued Executive Order 14248, "Preserving and Protecting the Integrity of American Elections," 90 Fed. Reg. 14005 (Mar. 25, 2025), to ensure that federal elections are "honest and worthy of the public trust," *id.* § 1. Plaintiffs Arizona, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Massachusetts, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Rhode Island, Vermont, and Wisconsin filed a complaint challenging certain sections of the Executive Order as *ultra vires* and

violating the separation of powers. They moved to preliminarily enjoin five of the sections they challenged: sections 2(a), 2(d), 3(d), 7(a), and 7(b). ECF No. 75.

This Court granted Plaintiffs' motion and enjoined Defendants, except for the President, from implementing sections 2(a), 2(d), and 3(d) of the Executive Order. ECF No. 108. And it did so without limiting the injunction to Plaintiffs. *Id.* The Court further enjoined Defendants from "implementing civil or criminal enforcement actions pursuant to Section 7(a)," and implementing section 7(b), against the "the Ballot Receipt States," 13 of the 19 Plaintiffs: Arizona, California, Colorado, Hawaii, Illinois, Massachusetts, Maryland, Michigan, Nevada, New Jersey, New Mexico, New York, and Rhode Island. *Id*. Defendants now move to modify the scope of the Court's injunction with respect to section 2(d) and limit it to Plaintiffs.

## LEGAL STANDARD

To determine whether dissolving a preliminary injunction is appropriate, courts apply the same four-factor test they employ when "deciding whether to grant or deny a preliminary injunction in the first instance: (1) likelihood of success on the merits; (2) the threat of irreparable harm, in the absence of the injunction, to the party seeking relief; (3) the balance of hardships between the parties; and (4) the public interest." *LockeBridge, LLC v. RGMS Media, Inc.*, 2012 WL 2370114, at *12 (D. Mass. June 22, 2012) (Casper, J.); *Waldron v. George Weston Bakeries Inc.,* 570 F.3d 5, 9 (1st Cir. 2009).

## ARGUMENT

Plaintiffs cannot establish that they require "[a]n indivisible remedy" with respect to section 2(d) to receive complete relief. *CASA, Inc*., 2025 WL 1773631, at *17 (Thomas, J., concurring). Accordingly, they cannot demonstrate that they will suffer irreparable harm in the

absence of such relief. *See LockeBridge, LLC*, 2012 WL 2370114, at *13. The Court's injunction against enforcement of section 2(d) should therefore be limited to Plaintiffs.

Section 2(d) of the Executive Order directs "[t]he head of each Federal voter registration executive department or agency . . . under the National Voter Registration Act, 52 U.S.C. [§] 20506(a)" to "assess citizenship prior to providing a Federal voter registration form to enrollees of public assistance programs." The NVRA requires states to "designate agencies for the registration of voters in elections for Federal office." 52 U.S.C. § 20506(a)(1). States must designate "as voter registration agencies," "all offices in the State that provide public assistance," "all offices in the State that provide state-funded programs primarily engaged in providing services to persons with disabilities," and "other offices within the State," which "may include . . . Federal and nongovernmental offices, with the agreement of such offices." *Id*. § 20506(a)(2), (3). Each "voter registration agency that is an office that provides service or assistance" is tasked with distributing the federal voter registration form "with each application," "recertification," or "renewal," for "service or assistance." *Id*. § 20506(a)(6).

This Court held that Plaintiffs were likely to succeed on the merits of their separation-of-powers challenge to section 2(d) because the President lacks the "power to conscript states" and "command agencies to 'assess citizenship prior to providing' the Federal Form to 'enrollees of public assistance programs.'" ECF No. 107 at 24– 25. The Court stated that while its injunction as to section 2(d) "applies . . . to all states, . . . it is neither nationwide nor universal." *Id*. at 43 n.20 (internal quotation marks omitted). Rather, the Court explained it is "tailored to the irreparable harm that Plaintiffs . . . would suffer" absent an injunction because "[w]ere the Court to enjoin the Defendants only with respect to Plaintiff States, it would undermine the national uniformity central to the NVRA." *Id*. at 43–44 n.20. But the Supreme Court rejected that reasoning, stating that

3

regardless of any "policy[] pro[] or con[]"—such as maintaining a uniform rule—"the equitable relief available in the federal courts is that 'traditionally accorded by courts of equity' at the time of our founding." *CASA, Inc.*, 2025 WL 1773631, at *13. And "[n]othing like a universal injunction," such as this Court's injunction as to section 2(d), "was available at the founding" *Id*. Accordingly, this Court must narrow the scope of its injunction as to section 2(d) so that it is not "broader than necessary to provide complete relief to" Plaintiffs. *Id.* at *15.

Here, Plaintiffs allege that section 2(d) would harm them if implemented because it "would impose new and complex duties on agencies across the States and would divert and require significant resources to train personnel in these agencies to assess citizenship where public assistance agencies do not have such expertise." ECF No. 107 at 34–35. Plaintiffs' alleged harms concern duties imposed on agencies within each Plaintiff state and associated costs to each Plaintiff state. This Court can remediate Plaintiffs' alleged harm by enjoining 2(d) as to only the Plaintiff states that are parties to this lawsuit. It should therefore modify the scope of its injunction accordingly.

Dated: July 3, 2025    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

LESLEY FARBY
Deputy Director
Civil Division, Federal Programs Branch

/s/ *Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-8679
Bridget.K.O'Hickey@usdoj.gov

NICOLE M. O'CONNOR
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3112
Nicole.O'Connor@usdoj.gov

*Attorneys for Defendants*

## 7.1 CERTIFICATION

I, Bridget O'Hickey, hereby certify that I conferred with counsel for Plaintiffs regarding the relief requested in this Motion. Plaintiffs state their position as follows: "Without seeing Defendants' motion to modify the scope of the injunction as to Section 2(d), the Plaintiff States refrain from taking a position on the motion. Plaintiff States reserve the right to respond to Defendants' motion."

/s/ *Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Bridget O'Hickey, hereby certify that I served a true copy of the above document upon all counsel of record via this court's electronic filing system and upon any non-registered participants via first class mail.

Dated: July 3, 2025

/s/ *Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General