# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN, | Case No. 1:25-cv-10810 |
| *Plaintiffs*, | |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States; PAMELA BONDI, in her official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in his official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in his official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY McCORMICK and BENJAMIN W. HOVLAND, in their official capacities as Commissioners of the U.S. Election Assistance Commission; PETE HEGSETH, in his official capacity as Secretary of Defense, | |
| *Defendants*. | |

### MICHIGAN REPUBLICAN PARTY AND CINDY BERRY'S UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (ECF 109)

The Michigan Republican Party (MRP) and Cindy Berry (Clerk Berry) respectfully seek leave to file an *amicus curiae* brief. In support of their Motion, MRP states as follows:

1. The classic role of an *amicus curiae* is to assist in a case of general public interest, supplement the efforts of counsel, and draw the Court's attention to law or policy that may otherwise escape consideration.

2. Although no specific court rule governs the filing of *amicus curiae* briefs in the federal district courts, this Court has recognized that *amici* can "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal citation omitted). Thus, courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet" the criteria of any relevant rules, "as broadly interpreted." Neonatology Associates, *P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.); *see also id*. at 131 (observing that "an *amicus* who makes a strong but responsible presentation in support of a party can truly serve as the court's friend").

3. Here, proposed *amici* MRP and Clerk Berry offer a perspective different from the principal parties that is generally relevant to the disposition of the instant matter, and specifically relevant to the relief proposed by Plaintiffs.

4. MRP and Clerk Berry both have a strong interest in the enforcement of laws and rules that pertain to Michigan elections and election administration.

1

5. MRP is a major political party under the laws of the State of Michigan that actively and extensively participates in campaigns, elections, and public policy debates.

6. MRP also engages in various other activities designed to educate and register voters, including efforts to preserve voter confidence in the integrity and security of Michigan's elections.

7. Clerk Berry is the elected Clerk for the Charter Township of Chesterfield, Michigan. In that role, she is responsible for administering local, state, and federal elections in Chesterfield Township. Her duties include hiring and training election inspectors, receiving and processing voter registration applications, and safeguarding the election materials of Chesterfield Township.

8. Clerk Berry has a duty under Michigan law to "make a full investigation . . . and to ascertain whether any name has been illegally or fraudulently registered" to vote. *See* M.C.L. 168.520.

9. As a local elections clerk in Michigan who personally administers and processes voter registration materials, Clerk Berry is well-situated to opine on questions of election integrity and the practicalities of voter registration.

10. In sum, elections are the cornerstone of MRP's and Clerk Berry's activities, and the integrity and security of those elections are central to their work. For that reason, MRP and Clerk Berry both have a strong interest in the enforcement of laws and rules that pertain to Michigan elections and election administration, including the requirement that only United States citizens are allowed to vote in Michigan elections.

11. This action, which revolves around President Trump's executive order (EO) concerning a potential requirement that an individual provide documentary proof of citizenship

before registering to vote in a federal election, has a direct and significant impact on MRP, its members, its affiliated political candidates, and Clerk Berry.

12. In their *amicus* brief, MRP and Clerk Berry will argue that the provisions of the EO challenged by Plaintiffs will enhance the integrity and security of Michigan's elections.

13. MRP and Clerk Berry will further argue that implementing the provisions of the EO challenged by Plaintiffs will not disrupt election administration in Michigan.

14. Beyond providing their unique perspective as *amicus* in this litigation to assist the Court in its deliberations, MRP and Clerk Berry also seek to respond to arguments advanced by the Democratic local election clerks from Michigan who filed an *amicus* brief, ECF 87, and Michigan Bureau of Elections Chief Jonathan Brater, ECF 76-8, about the alleged effects of Sections 2(a) and 2(d) of the EO on the people of the state of Michigan and the administration of Michigan elections.

15. First, MRP and Clerk Berry will argue that non-citizen voting is a meaningful problem in Michigan that demands a real solution, and that Section 2(a) of the EO is a reasonable and effective way to address the problem of non-citizen voting.

16. Second, MRP and Clerk Berry will argue that implementing Section 2(a) of the EO will be workable and will not impede or disturb the process of election administration in Michigan.

17. Third, MRP and Clerk Berry will argue that requiring federal agencies to assess an individual's citizenship before providing them with a voter registration form under Section 2(d) will benefit the integrity of elections in Michigan.

18. Given their direct and practical expertise with elections and election integrity, MRP and Clerk Berry submit that their appearance as *amicus curiae* will be of assistance to the Court by providing a unique perspective that is not currently represented in this case.

19. MRP and Clerk Berry's *amicus curiae* brief is being filed contemporaneous with this motion.

20. Counsel for MRP and Clerk Berry sought concurrence in the filing of this motion and *amicus curiae* brief under Local Rule 7.1(a)(2). Counsel for plaintiffs and counsel for defendants both responded and stated that they do not object to the Court granting this motion for leave to file an *amicus curiae* brief.

**WHEREFORE**, MRP and Clerk Berry respectfully request that the Court grant leave to file an *amicus curiae* brief, and accept the accompanying brief as filed.

                                                          Respectfully submitted,

Dated: July 25, 2025                       */s/ Robert N. Driscoll*
                                                          Robert N. Driscoll (BBO# 566545)
                                                          DICKINSON WRIGHT, PLLC
                                                          1825 Eye Street NW, Suite 900
                                                          Washington, DC 20006
                                                          (202) 466-5955
                                                          rdriscoll@dickinsonwright.com

                                                          *Attorneys for Michigan Republican Party and Cindy Berry*

4918-5546-5814 v2 [99168-8]

4

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that an attorney from my firm conferred via email with counsel for the parties. Counsel for the Plaintiffs and counsel for the Defendants stated that they do not oppose Michigan Republican Party and Cindy Berry's motion for leave to file an *amicus curiae* brief.

Date: July 25, 2025  
/s/ Robert N. Driscoll  
Robert N. Driscoll (BBO# 566545)

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I filed the foregoing was electronically filed with the Clerk of the Court using the ECF System; which will send notification to all counsel of record by CM/ECF.

/s/ Robert N. Driscoll  
Robert N. Driscoll (BBO# 566545)  
DICKINSON WRIGHT, PLLC  
1825 Eye Street NW, Suite 900  
Washington, DC 20006  
(202) 466-5955  
rdriscoll@dickinsonwright.com

*Attorneys for Michigan Republican Party and Cindy Berry*

4910-6603-4776 v1 [99168-14]

5