# IIN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF CALIFORNIA; STATE OF NEVADA; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MAINE; STATE OF MARYLAND; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN, |  |
| *Plaintiffs,* |  |
| v. | No. 1:25-cv-10810-DJC |
| DONALD J. TRUMP, in his official capacity as President of the United States; PAMELA BONDI, in her official capacity as Attorney General of the United States; UNITED STATES ELECTION ASSISTANCE COMMISSION; DONALD L. PALMER, in his official capacity as Chairman of the U.S. Election Assistance Commission; THOMAS HICKS, in his official capacity as Vice Chair of the U.S. Election Assistance Commission; CHRISTY McCORMICK and BENJAMIN W. HOVLAND, in their official capacities as Commissioners of the U.S. Election Assistance Commission; PETE HEGSETH, in his official capacity as Secretary of Defense, |  |
| *Defendants.* |  |

# PLAINTIFF STATES' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff States set forth the following undisputed facts material to their Motion for Partial Summary Judgment.

**<u>Plaintiff States' Role in Federal Elections</u>**

1. Plaintiff States and their subdivisions administer elections for federal office. Lean (CA) Decl. ¶¶ 4-6; Wlaschin (NV) Decl. ¶ 4; Fontes (AZ) Decl. ¶ 4; Rudy (CO) Decl. ¶¶ 4-5; Sullivan (CT) Decl. ¶¶ 4-5, 11; Albence (DE) Decl. ¶ 3; Nago (HI) Decl. ¶¶ 2, 4, 7; Tassinari (MA) Decl. ¶ 4; Dorsey (MD) Decl. ¶¶ 4, 6-7; Flynn (ME) Decl. ¶¶ 4, 6-7; Brater (MI) Decl. ¶ 4; Linnell (MN) Decl. ¶ 4; Barber (NJ) Decl. ¶ 5; Vigil (NM) Decl. ¶ 4; Stavisky (NY) Decl. ¶ 4; Rock (RI) Decl. ¶¶ 4-6; Hanzas (VT) Decl. ¶ 4; Logan (LA County, CA) Decl. ¶¶ 2, 4-5; Michalowski (Cook County, IL) ¶ 3

2. Among other tasks, Plaintiff States and their subdivisions are responsible for carrying out voter registration, balloting, tabulating votes, and certifying results in all elections for federal office. Lean (CA) Decl. ¶¶ 4-6; Wlaschin (NV) Decl. ¶ 4; Fontes (AZ) Decl. ¶¶ 4, 6; Rudy (CO) Decl. ¶¶ 5-6; Sullivan (CT) Decl. ¶¶ 4-5, 11, 17; Albence (DE) Decl. ¶ 3; Nago (HI) Decl. ¶¶ 2, 4, 7; Tassinari (MA) Decl. ¶ 4; Dorsey (MD) Decl. ¶¶ 4, 7-9; Flynn (ME) Decl. ¶¶ 4, 6-7; Brater (MI) Decl. ¶¶ 4-5; Linnell (MN) Decl. ¶ 4; Barber (NJ) Decl. ¶¶ 5, 7; Vigil (NM) Decl. ¶¶ 4, 6; Stavisky (NY) Decl. ¶¶ 4-5; Rock (RI) Decl. ¶¶ 4-6; Hanzas (VT) Decl. ¶ 4; Logan (LA County, CA) Decl. ¶¶ 2, 4-5; Michalowski (Cook County, IL) Decl. ¶ 3.

3. In the November 2024 federal elections, over 59 million ballots containing votes for federal office were cast in Plaintiff States. Lean (CA) Decl. ¶ 7 (16,140,044); Wlaschin (NV) Decl. ¶ 5 (1,487,887); Fontes (AZ) Decl. ¶ 5 (3,428,011); Rudy (CO) Decl. ¶ 8 (3,241,155); Sullivan (CT) Decl. ¶ 10 (2,348,545); Albence (DE) Decl. ¶ 10 (over 500,000); Nago (HI) Decl. ¶ 5 (522,236); Tassinari (MA) Decl. ¶ 3 (3,512,930); Dorsey (MD) Decl. ¶ 5 (over 3 million); Flynn (ME) Decl. ¶ 4 (842,447); Brater (MI) Decl. ¶ 6 (more than 5.6 million); Linnell (MN) Decl. ¶ 5 (3,272,414); Barber (NJ) Decl. ¶ 6 (more than 4,270,000); Vigil (NM) Decl. ¶ 5 (928,290); Stavisky (NY) Decl. ¶ 6 (8,381,429); Rock (RI) Decl. ¶ 7 (517,231); Hanzas (VT) Decl. ¶ 5 (372,885); Michalowski (Cook County, IL) Decl. ¶ 3 (1,089,942 in Cook County, IL).

**The Executive Order**

4.      On March 25, 2025, Defendant President Donald J. Trump issued Executive Order 14,248, entitled "Preserving and Protecting the Integrity of American Elections" (EO).  90 Fed. Reg. 14005.

5.      The EO directs Defendants U.S. Election Assistance Commission (EAC), Attorney General Pamela Bondi, and Secretary of Defense Pete Hegseth to take specified actions.  *E.g.*, EO §§ 2(a), 3(d), 4(a), 7(b), 7(a).

6.      Defendant EAC is composed of Defendants Donald L. Palmer, Thomas Hicks, Christy McCormick, and Benjamin W. Hovland.  52 U.S.C. § 20921; Bellows Decl. Ex. A; Request for Judicial Notice (RJN) filed herewith at 3.

7.      On April 24, 2025, the U.S. District Court for the District of Columbia preliminarily enjoined implementation of Section 2(a) of the EO.  *League of United Latin Am. Citizens v. Exec. Off. of the President*, 780 F. Supp. 3d 135, 226 (D.D.C. 2025).

8.      On June 13, 2025, this Court preliminarily enjoined implementation of Sections 2(a), 3(d), 2(d), 7(a), and 7(b) of the EO.  D. 108, *amended by* D. 116.

**Facts Related to Section 2(a)**

9.      Defendant EAC is responsible for promulgating the federal mail voter registration form (Federal Form) in accordance with federal statute.  52 U.S.C. § 20508.

10.      Plaintiff States, other than Wisconsin, accept and use the Federal Form to register eligible voters for federal elections.[1]  52 U.S.C. §§ 20503(b), 20505; Lean (CA) Decl. ¶ 19; Wlaschin (NV) Decl. ¶ 18; Fontes (AZ) Decl. ¶ 24; Sullivan (CT) Decl. ¶ 31; Rudy (CO) Decl. ¶ 17; Albence (DE) Decl. ¶ 17; Nago (HI) Decl. ¶ 16; Tassinari (MA) Decl. ¶ 15; Dorsey (MD) Decl. ¶ 43; Flynn (ME) Decl. ¶ 17; Brater (MI) Decl. ¶ 16; Linnell (MN) Decl. ¶ 12;[2] Barber

---

[1] Wisconsin is exempt from the NVRA and does not accept the Federal Form.

[2] Minnesota is exempt from the NVRA but accepts and uses the Federal Form in accordance with its state law.  Linnell (MN) Decl. ¶¶ 11-12; Minn. Stat. § 201.071 ("Voter registration forms authorized by the National Voter Registration Act must also be accepted as valid.").

(NJ) Decl. ¶ 16; Vigil (NM) Decl. ¶ 19; Stavisky (NY) Decl. ¶ 20; Rock (RI) Decl. ¶ 19; Hanzas (VT) Decl. ¶ 17; Michalowski (Cook County, IL) Decl. ¶ 7.

11.     The Federal Form does not require registrants to provide documentary proof of citizenship.  Bellows Decl. Ex B, Federal Form; RJN at 3.

12.     The Federal Form requires applicants to check "Yes" or "No" in response to the question "Are you a citizen of the United States of America?" and instructs applicants not to complete the form if they checked "No."  Bellows Decl. Ex B, Federal Form; RJN at 3.

13.     The Federal Form requires applicants to swear or affirm that they are U.S. citizens.  Bellows Decl. Ex B, Federal Form; RJN at 3.

14.     The Federal Form requires applicants to swear or affirm:  "The information I have provided is true to the best of my knowledge under penalty of perjury.  If I have provided false information, I may be fined, imprisoned, or (if not a U.S. citizen) deported from or refused entry to the United States."  Bellows Decl. Ex B, Federal Form; RJN at 3.

15.     In 2006, Defendant EAC rejected a request from Arizona to require documentary proof of citizenship for Arizona voters registering with the Federal Form.  Fontes (AZ) Decl. ¶ 11 & Ex. A, March 6, 2006 EAC letter to Brewer.

16.     In 2013 and early 2014, Defendant EAC considered requests from Arizona, Georgia, and Kansas to modify the state-specific instructions on the Federal Form to require documentary proof of citizenship.  Fontes (AZ) Decl. ¶ 13 & Ex. B, EAC Memorandum of Decision.

17.     On January 17, 2014, Defendant EAC issued a 46-page memorandum decision rejecting the requests from Arizona, Georgia, and Kansas to modify the state-specific instructions on the Federal Form to require documentary proof of citizenship.  Fontes (AZ) Decl. Ex. B, EAC Memorandum of Decision.

18.     In its 2014 memorandum decision, Defendant EAC concluded that documentary proof of citizenship was not necessary for the states to enforce citizenship requirements.  Fontes (AZ) Decl. Ex. B, EAC Memorandum of Decision at 28-41.

19.     In its 2014 memorandum decision, Defendant EAC also concluded that requiring documentary proof of citizenship would undermine the purposes of the NVRA by "hinder[ing] voter registration for Federal elections" and "thwart[ing] organized voter registration programs." Fontes (AZ) Decl. Ex. B, EAC Memorandum of Decision at 41-43.

20.     On April 11, 2025, EAC Executive Director Brianna Schletz sent a letter to Chief Election Officials regarding EO Section 2(a), a true and correct copy of which is attached as Exhibit A to the Declaration of Jana Lean.  Lean Declaration Ex. A.

21.     Schletz's April 11, 2025 letter was received by nearly all Plaintiff States. Lean (CA) Decl. ¶ 11; Wlaschin (NV) Decl. ¶ 10; Fontes (AZ) Decl. ¶ 17; Sullivan (CT) Decl. ¶ 19; Albence (DE) Decl. ¶ 13; Nago (HI) Decl. ¶ 10; Tassinari (MA) Decl. ¶ 8; Flynn (ME) Decl. ¶ 10; Dorsey (MD) Decl. ¶ 14; Brater (MI) Decl. ¶ 9; Linnell (MN) Decl. ¶ 13; Barber (NJ) Decl. ¶ 11; Vigil (NM) Decl. ¶ 11; Stavisky (NY) Decl. ¶ 11; Rock (RI) Decl. ¶ 11; Hanzas (VT) Decl. ¶ 11.

22.     Schletz's April 11, 2025 letter states in part that "Section 2 of EO 14248 instructs the following be required in the national mail voter registration form: '(A) documentary proof of United States citizenship, (B) a State or local official to record on the form the type of document that the applicant presented as documentary proof of United States citizenship, including the date of the document's issuance, the date of the document's expiration (if any), the office that issued the document, and any unique identification number associated with the document as required by the criteria in 52 U.S.C. 21083(a)(5)(A), while taking appropriate measures to ensure information security.'"  Lean (CA) Decl. Ex. A (quoting EO § 2(a)).

23.     On April 17, 2025, Defendants' counsel informed another federal district court that Section 2(a) of the EO requires Defendant EAC to implement the documentary proof of citizenship provisions laid out in the order, regardless of Defendant EAC's own belief as to whether documentary proof of citizenship is necessary.  Bellows Decl. Ex. C, Transcript from *League of United Latin American Citizens, et al. v. Executive Office of the President, et al.*, Nos. 25-0946, 25-0952, 25-0955 (D.D.C.) (*LULAC* Transcript) at 70:5-10; 20-24; 71:13-15; 73:5-9

(Q: "[I]t wouldn't matter if they decided that it didn't need to be there as the president wanted in terms of proof, EAC would still be required to do this because the president has ordered it? Is that your view?" A: "Yes"); 74:1-17, 20-25-75:1; 103:2-3; *see also League of United Latin Am. Citizens v. Exec. Off. of the President*, 780 F. Supp. 3d 135, 188 (D.D.C. 2025) (quoting Defendants' counsel).

**Facts Related to Section 3(d)**

24.     Defendant Secretary of Defense Pete Hegseth is responsible for promulgating the federal post card form (Post Card Form) in accordance with the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA).  52 U.S.C. § 20301; Exec. Order No. 12,642, 53 Fed. Reg. 21,975 (June 8, 1988) (designating the Secretary of Defense as the UOCAVA presidential designee); RJN at 4-5.

25.     Plaintiff States accept the Post Card Form as a valid voter registration form and absentee ballot application.  52 U.S.C. § 20302(a)(4); Lean (CA) Decl. ¶ 31; Wlaschin (NV) Decl. ¶ 31; Fontes (AZ) Decl. ¶ 37; Rudy (CO) Decl. ¶ 28; Sullivan (CT) Decl. ¶ 41; Albence (DE) Decl. ¶ 26; Nago (HI) Decl. ¶ 21; Tassinari (MA) Decl. ¶ 27; Dorsey (MD) Decl. ¶ 53; Flynn (ME) Decl. ¶ 28; Brater (MI) Decl. ¶ 24; Linnell (MN) Decl. ¶ 23; Barber (NJ) Decl. ¶ 22; Vigil (NM) Decl. ¶ 31; Stavisky (NY) Decl. ¶ 31; Rock (RI) Decl. ¶ 30; Hanzas (VT) Decl. ¶ 27.

26.     The Post Card Form is contained on a double-sided piece of paper which can be folded on a dotted line into a post card and mailed without an envelope.  *See* Bellows Decl. Ex. D, Federal Post Card Application; RJN at 3.

27.     The Post Card Form does not require applicants to provide documentary proof of citizenship.  Bellows Decl. Ex D, Post Card Form; RJN at 3.

28.     The Post Card Form requires applicants to "swear or affirm, under penalty of perjury" that they are "a U.S. citizen, at least 18 years of age (or will be by the day of the election), [and] eligible to vote in the requested jurisdiction."  Bellows Decl. Ex. D, Post Card Form; RJN at 3.

**Facts Related to Section 7(a)**

29.    California, Illinois, Massachusetts, Maryland, Michigan, Nevada, New Jersey, New York, and Rhode Island allow for ballots mailed on or before Election Day but received within a number of days afterward to be counted as timely.  Cal. Elec. Code § 3020(b) (seven days); 10 Ill. Comp. Stat. 5/19-8, 5/18A-15 (fourteen days); Mass. Gen. Laws ch. 54, §§ 93, 99 (three days, or ten days for UOCAVA voters); Md. Elec. Law, § 11-302(c); Md. Code Regs. § 33.11.03.08B(4)(b) (ten days); Mich. Const. 1963, art. II, § 4(1)(b) (six days); Mich. Comp. Laws § 168.759a(18) (same); Nev. Rev. Stat. § 293.269921(1)(b), (2) (three or four days, depending on postmark status); N.J. Stat. Ann. § 19:63-22(a) (two or six days, depending on postmark status); N.Y. Elec. Law §§ 8-412(1), 8-710(1) (seven days); R.I. Gen. Laws §§ 17-20-16, 17-20-6.1 (three or seven days, depending on the type of election; applicable to UOCAVA voters only).

30.    Arizona, California, Colorado, Hawaii, Illinois, Maryland, Michigan, Nevada, New Jersey, New Mexico, New York, and Rhode Island allow voters to "cure" technical ballot defects within a number of days following the election, so that the ballot may be counted.  Ariz. Rev. Stat. § 16-550(A) (five days for elections for federal office); Cal. Elec. Code § 3019(d), (e) (twenty-eight days); Colo. Rev. Stat. § 1-7.5-107.3 (eight days); Haw. Rev. Stat. § 11-106 (five days); 10 Ill. Comp. Stat. 5/19-8 (fourteen days); Md. Elec. Law § 11-302; Md. Code Reg. § 33.11.03.06C(1) (ten days); Mich. Comp. Laws § 168.766(3) (three days); Nev. Rev. Stat. § 293.269927 (six days); N.J. Stat. Ann. § 19:63-17 (eleven days); N.M. Code R. § 1.10.22.11, N.M. Stat. § 1-13-15 (thirteen business days); N.Y. Elec. Law § 9-209(e) (seven days); 410 R.I. Code Regs. § 20-00-23.12 (three or seven days, depending on the type of election).

31.    The thirteen Plaintiff States (Ballot Receipt Plaintiffs) with laws that allow ballots to be received or cured after Election Day intend to administer upcoming federal elections consistent with those laws.  Lean (CA) Decl. ¶ 44; Wlaschin (NV) Decl. ¶¶ 45-46; Fontes (AZ) Decl. ¶¶ 50-51; Rudy (CO) Decl. ¶¶ 44-45, 48; Nago (HI) Decl. ¶ 29; Tassinari (MA) Decl. ¶ 37;

Dorsey (MD) Decl. ¶ 75; Brater (MI) Decl. ¶ 30; Barber (NJ) Decl. ¶ 27; Vigil (NM) Decl. ¶ 45; Stavisky (NY) Decl. ¶ 45; Rock (RI) Decl. ¶ 47; Michalowski (Cook County, IL) Decl. ¶ 11 .

32.     On April 17, 2025, Defendants' counsel informed another court that in carrying out Section 7(a) of the EO, the Attorney General could take "any number of actions, including criminal actions" or civil lawsuits.  Bellows Decl. Ex. C, *LULAC* Transcript at 87:12-13.

33.     The U.S. DOJ warned Ohio that it would bring suit if the State did not adopt a ballot receipt deadline of Election Day.  Bellows Decl. Ex. E, Testimony by Ohio Secretary of State LaRose (Oct. 28, 2025) (quoting letter from Assistant Attorney General Harmeet Dhillon "'implor[ing] Ohio to take immediate action (legislative or otherwise) to comply with federal law, and avoid costly litigation'" by changing its ballot receipt deadline); RJN at 3.

**Facts Related to Section 7(b)**

34.     Defendant EAC is responsible for administering formula grants authorized by Congress.  52 U.S.C. §§ 20901, 20904(c), 20922(4), 21001.

35.     All Plaintiff States have received federal funding from Defendant EAC.  Bellows Decl. Ex. F, EAC, *Funding by State* & Ex. G, EAC, *Election Security Grants*; RJN at 3-4; Lean (CA) Decl. ¶¶ 52-55; Wlaschin (NV) Decl. ¶ 56; Fontes (AZ) Decl. ¶ 60; Rudy (CO) Decl. ¶ 53; Nago (HI) Decl. ¶ 36; Tassinari (MA) Decl. ¶ 47; Dorsey (MD) Decl. ¶¶ 86, 88; Brater (MI) ¶ 33; Barber (NJ) Decl. ¶ 36; Vigil (NM) Decl. ¶ 53; Stavisky (NY) Decl. ¶¶ 54-56; Rock (RI) Decl. ¶ 54; Michalowski (Cook County, IL) Decl. ¶ 20.

36.     In March 2025, Congress appropriated an additional $15 million for election security grants.  Pub. L. No. 119-4, 139 Stat. 9, 10-11, 26 (2025); Bellows Decl. Ex. H, EAC, *FY 2025 Election Security Award Allocation*; RJN at 3-4.

**Harms to Plaintiff States**

*Harms Caused by Section 2(a) – as to all Plaintiff States except Wisconsin*

37.     If the Federal Form is amended to require documentary proof of citizenship, Plaintiff States will incur substantial costs to develop guidance and training materials for elections officials and to implement procedures to administer the new requirement.  Lean (CA)

Decl. ¶¶ 18-21 (more than 25 Elections Division staff would be required to assist in implementing); Wlaschin (NV) Decl. ¶¶ 17-19; Fontes (AZ) Decl. ¶¶ 23-25; Sullivan (CT) Decl. ¶¶ 30-31; Rudy (CO) Decl. ¶¶ 17-18; Albence (DE) Decl. ¶ 21; Nago (HI) Decl. ¶¶ 12, 16; Tassinari (MA) Decl. ¶¶ 14-15, 17; Dorsey (MD) Decl. ¶¶ 41-45; Flynn (ME) Decl. ¶¶ 16-18; Brater (MI) Decl. ¶¶ 12 (EO's update to Federal Form would require retraining 1,604 county, city, and township clerks), 15-16, 17; Linnell (MN) Decl. ¶ 18; Barber (NJ) Decl. ¶¶ 12-13; Vigil (NM) Decl. ¶¶ 10, 13-15;  Stavisky (NY) Decl. ¶¶ 20-21; Rock (RI) Decl. ¶¶ 18-19; Hanzas (VT) Decl. ¶¶ 16-18; Logan (LA County, CA) Decl. ¶ 10; Michalowski (Cook County, IL) Decl. ¶ 7.

38.     If the Federal Form is amended to require documentary proof of citizenship, Plaintiff States will incur substantial costs to update their voter registration databases, election management systems, and other technology to accommodate the new requirement**.**  Lean (CA) Decl. ¶¶ 15-17 (past changes to VoteCal have taken up to a year or longer to implement and have cost over $1 million); Wlaschin (NV) Decl. ¶¶ 14-16; Fontes (AZ) Decl. ¶¶ 20-21; Rudy (CO) Decl. ¶¶ 14-16; Sullivan (CT) Decl. ¶¶ 21, 28-29; Albence (DE) Decl. ¶¶ 17-20; Nago (HI) Decl. ¶ 13; Tassinari (MA) Decl. ¶¶ 12-13, 17 (likely to cost more than $1 million to make the programming changes, not including hardware or staff costs); Dorsey (MD) Decl. ¶¶ 22-40 (estimated cost of updates to voter database and related systems "upward of $1,000,000," a serious burden where the agency currently has "a budget shortfall of roughly $2,000,00 for FY26 and FY27"); Flynn (ME) Decl. ¶¶ 14-15; Brater (MI) Decl. ¶¶ 12-14; Linnell (MN) Decl. ¶ 17 (similar past projects have taken hundreds of hours); Barber (NJ) Decl. ¶¶ 13-14, 16; Vigil (NM) Decl. ¶¶ 10, 13, 17 (update would require a shift of 100% of elections staff to these efforts); Stavisky (NY) Decl. ¶¶ 17-19; Rock (RI) Decl. ¶ 17; Hanzas (VT) Decl. ¶ 15; Logan (LA County, CA) Decl. ¶¶ 8-9; Michalowski (Cook County, IL) Decl. ¶ 7 (estimated cost of $900,000).

39.     If the Federal Form is amended to require documentary proof of citizenship, Plaintiff States will incur substantial costs to educate the public regarding the new requirement.

Lean (CA) Decl. ¶¶ 22-23 (an analogous high-profile statewide education campaign in 2020 educating Californians about all statewide vote-by-mail cost more than $15 million); Wlaschin (NV) Decl. ¶¶ 20-21 (education campaign would cost "approximately $1 million"); Fontes (AZ) Decl. ¶¶ 27-28; Sullivan (CT) Decl. ¶ 33; Albence (DE) Decl. ¶¶ 22-24; Nago (HI) Decl. ¶¶ 14-15, 17-18; Tassinari (MA) Decl. ¶¶ 18-20; Dorsey (MD) Decl. ¶¶ 46-47; Flynn (ME) Decl. ¶¶ 19-20; Brater (MI) Decl. ¶¶ 18-19 (would likely cost in excess of $2.5 million, based on cost of past statewide mailings); Linnell (MN) Decl. ¶¶ 19-20; Barber (NJ) Decl. ¶ 17; Vigil (NM) Decl. ¶ 17-18; Stavisky (NY) Decl. ¶¶ 22-23; Rock (RI) Decl. ¶¶ 20-21; Hanzas (VT) Decl. ¶¶ 19-20; Logan (LA County, CA) Decl. ¶ 24.

40.     If the Federal Form is amended to require documentary proof of citizenship, Plaintiff States will be required to divert funds and personnel time from other important election administration duties in order to implement the requirement.  Lean (CA) Decl. ¶¶ 14, 18; Wlaschin (NV) Decl. ¶¶ 13, 19; Fontes (AZ) Decl. ¶ 20; Rudy (CO) Decl. ¶¶ 13, 18; Sullivan (CT) Decl. ¶¶ 23, 29; Albence (DE) Decl. ¶¶ 14, 20 (implementing technical changes necessary to comply with EO would represent a substantial portion of the entire 2026 budget for the Department of Elections), 24; Nago (HI) Decl. ¶ 12; Tassinari (MA) Decl. ¶¶ 12-14, 16; Dorsey (MD) Decl. ¶¶ 15-21, 40, 47; Flynn (ME) Decl. ¶ 13; Brater (MI) Decl. ¶ 12; Linnell (MN) Decl. ¶ 16; Barber (NJ) Decl. ¶ 15; Vigil (NM) Decl. ¶¶ 10, 15, 17-18; Stavisky (NY) Decl. ¶¶ 14, 18; Rock (RI) Decl. ¶¶ 14, 21; Hanzas (VT) Decl. ¶ 14; Logan (LA County, CA) Decl. ¶ 23; Michalowski (Cook County, IL) Decl. ¶ 7.

*Harms Caused by Section 3(d)(i) – as to all Plaintiff States*

41.     If the Post Card Form is amended to require documentary proof of citizenship, Plaintiff States and local elections officials will incur costs to administer the new requirement consistent with their duties under UOCAVA.  Lean (CA) Decl. ¶ 31; Wlaschin (NV) Decl. ¶ 32; Fontes (AZ) Decl. ¶¶ 38-41; Rudy (CO) Decl. ¶ 28; Sullivan (CT) Decl. ¶ 40; Albence (DE) Decl. ¶¶ 26, 28; Nago (HI) Decl. ¶ 22; Tassinari (MA) Decl. ¶ 27; Dorsey (MD) Decl. ¶¶ 53-54; Flynn (ME) Decl. ¶¶ 29-30; Brater (MI) Decl. ¶ 24; Linnell (MN) Decl. ¶ 24; Barber (NJ) Decl.

¶ 23; Vigil (NM) Decl. ¶¶ 31-32; Stavisky (NY) Decl. ¶¶ 31-32; Rock (RI) Decl. ¶ 30; Hanzas (VT) Decl. ¶¶ 27-28; Logan (LA County, CA) Decl. ¶ 16.

42.     If the Post Card Form is amended to require documentary proof of citizenship, Plaintiff States will incur substantial costs to develop guidance and training materials for elections officials and to implement procedures to administer the new requirement.  Lean (CA) Decl. ¶ 34; Wlaschin (NV) Decl. ¶ 35; Fontes (AZ) Decl. ¶ 40; Rudy (CO) Decl. ¶¶ 28-29; Albence (DE) Decl. ¶ 28; Sullivan (CT) Decl. ¶ 43; Nago (HI) Decl. ¶ 24; Tassinari (MA) Decl. ¶ 27; Dorsey (MD) Decl. ¶¶ 57, 60; Flynn (ME) Decl. ¶¶ 29, 32; Brater (MI) Decl. ¶ 25; Linnell (MN) Decl. ¶ 27; Barber (NJ) Decl. ¶ 23; Vigil (NM) Decl. ¶ 35; Stavisky (NY) Decl. ¶ 35; Rock (RI) Decl. ¶ 32; Hanzas (VT) Decl. ¶ 30; Logan (LA County, CA) Decl. ¶ 16.

43.     If the Post Card Form is amended to require documentary proof of citizenship, Plaintiff States will incur substantial costs to update their voter registration databases, election management systems, and other technology to accommodate the new requirement.  Lean (CA) Decl. ¶ 32; Wlaschin (NV) Decl. ¶ 34; Fontes (AZ) Decl. ¶ 39; Sullivan (CT) Decl. ¶ 42; Albence (DE) Decl. ¶ 28; Nago (HI) Decl. ¶ 23; Tassinari (MA) Decl. ¶ 27; Dorsey (MD) Decl. ¶¶ 56-59; Flynn (ME) Decl. ¶ 31; Linnell (MN) Decl. ¶ 26; Barber (NJ) Decl. ¶ 23; Vigil (NM) Decl. ¶ 34;  Stavisky (NY) Decl. ¶ 34; Rock (RI) Decl. ¶ 31; Hanzas (VT) Decl. ¶ 29.

44.     If the Post Card Form is amended to require documentary proof of citizenship, Plaintiff States will be required to divert funds and personnel time from other important election administration duties in order to implement the requirement.  Lean (CA) Decl. ¶ 35; Wlaschin (NV) Decl. ¶ 36; Fontes (AZ) Decl. ¶ 41; Rudy (CO) Decl. ¶¶ 29-30; Sullivan (CT) Decl. ¶ 44; Albence (DE) Decl. ¶ 28; Nago (HI) Decl. ¶ 25; Tassinari (MA) Decl. ¶ 27; Dorsey (MD) Decl. ¶ 61; Flynn (ME) Decl. ¶ 34; Brater (MI) Decl. ¶ 26; Linnell (MN) Decl. ¶ 28; Barber (NJ) Decl. ¶ 24; Vigil (NM) Decl. ¶¶ 34-36; Stavisky (NY) Decl. ¶ 36; Rock (RI) Decl. ¶ 34; Hanzas (VT) Decl. ¶ 31; Logan (LA County, CA) Decl. ¶ 23.

*Harms Caused by Section 7(a) – as to all Ballot Receipt Plaintiffs*

45.     If the Attorney General brought a civil lawsuit or criminal prosecution charging a Ballot Receipt Plaintiff and/or their elections officials with violating the Election Day statutes, the affected State would incur substantial costs to defend the suit, educate the public about the status of election rules, and comply with any court-ordered changes to the State's ballot receipt and curing rules.  Lean (CA) Decl. ¶¶ 46-48; Wlaschin (NV) Decl. ¶¶ 48, 50; Fontes (AZ) Decl. ¶¶ 53,-55; Rudy (CO) Decl. ¶¶ 50, 52; Nago (HI) Decl. ¶ 31; Tassinari (MA) Decl. ¶¶ 39, 41-42; Dorsey (MD) Decl. ¶ 76-77, 80-81; Brater (MI) Decl. ¶ 31; Barber (NJ) Decl. ¶¶ 28-29, 40; Vigil (NM) Decl. ¶¶ 47-48; Stavisky (NY) Decl. ¶¶ 48, 49; Rock (RI) Decl. ¶¶ 49, 51; Logan (LA County, CA) Decl. ¶ 24; Michalowski (Cook County, IL) Decl. ¶¶ 13, 15-16.

46.     If the Attorney General brought a civil lawsuit or criminal prosecution charging a Ballot Receipt Plaintiff and/or their elections officials with violating the Election Day statutes, the affected State would suffer serious reputational harms leading at least some of their voters to question the legitimacy of the State's administration of federal elections.  Lean (CA) Decl. ¶ 46; Wlaschin (NV) Decl. ¶ 49; Fontes (AZ) Decl. ¶ 54; Rudy (CO) Decl. ¶ 51; Nago (HI) Decl. ¶ 32; Tassinari (MA) Decl. ¶ 40; Dorsey (MD) Decl. ¶¶ 79; Vigil (NM) Decl. ¶ 49; Stavisky (NY) Decl. ¶ 48; Rock (RI) Decl. ¶ 50; Michalowski (Cook County, IL) Decl. ¶ 14.

*Harms Caused by Section 7(b) – as to Ballot Receipt Plaintiffs*

47.     If the EAC withholds funding from Plaintiff States that do not adopt a ballot receipt deadline of Election Day, the affected Plaintiff States will lose access to funding for important election-related initiatives and infrastructure.  Lean (CA) Decl. ¶¶ 52-55; Wlaschin (NV) Decl. ¶ 57; Fontes (AZ) Decl. ¶¶ 60-61; Rudy (CO) Decl. ¶ 53; Tassinari (MA) Decl. ¶ 47; Dorsey (MD) Decl. ¶¶ 86-87, 89; Brater (MI) Decl. ¶ 33; Barber (NJ) Decl. ¶¶ 34, 38-39; Vigil (NM) Decl. ¶ 52-54; Stavisky (NY) Decl. ¶¶ 55-57; Rock (RI) Decl. ¶¶ 54-56; Logan (LA County, CA) Decl. ¶ 28; Michalowski (Cook County, IL) Decl. ¶ 20.

48.     In recent years, Ballot Receipt Plaintiffs have used Election Security Grants to fund efforts to enhance physical security, protect election infrastructure, reduce cyber

vulnerabilities, upgrade voting technology, fund disability accommodations, and strengthen staff training on cybersecurity, among other projects.  Lean (CA) Decl. ¶¶ 53-54; Fontes (AZ) Decl. ¶ 61; Rudy (CO) Decl. ¶ 53; Tassinari (MA) Decl. ¶ 47; Dorsey (MD) Decl. ¶ 86; Brater (MI) Decl. ¶ 33; Barber (NJ) Decl. ¶¶ 38-39; Vigil (NM) Decl. ¶ 54; Stavisky (NY) Decl. ¶¶ 56-57; Rock (RI) Decl. ¶ 54; Logan (LA County, CA) Decl. ¶ 28; Michalowski (Cook County, IL) Decl. ¶ 21.

49.     Loss of EAC funding would adversely impact Ballot Receipt Plaintiffs' ability to safely and efficiently conduct elections.  Lean (CA) Decl. ¶ 55; Wlaschin (NV) Decl. ¶ 57; Fontes (AZ) Decl. ¶ 62; Rudy (CO) Decl.¶ 53; Nago (HI) Decl. ¶ 36; Tassinari (MA) Decl. ¶ 47; Brater (MI) Decl. ¶ 33; Dorsey (MD) Decl. ¶¶ 87, 89; Barber (NJ) Decl. ¶ 39; Vigil (NM) Decl. ¶ 54; Stavisky (NY) Decl. ¶ 58; Rock (RI) Decl. ¶ 55; Michalowski (Cook County, IL) Decl. ¶ 22.

**Documentary Proof of Citizenship and the Public Interest**

50.     Documentary proof of citizenship requirements can pose a significant barrier for otherwise eligible voters.  Lean (CA) Decl. ¶¶ 24, 35-36; Wlaschin (NV) Decl. ¶¶ 23, 38; Fontes (AZ) Decl. ¶¶ 30, 43; Sullivan (CT) Decl. ¶¶ 35, 45; Albence (DE) Decl. ¶ 29; Rudy (CO) Decl. ¶¶ 20, 32; Hanzas (VT) Decl. ¶¶ 13, 22; Tassinari (MA) Decl. ¶¶  21, 29; Flynn (ME) Decl. ¶¶ 21, 35; Brater (MI) Decl. ¶¶ 8, 20; Linnell (MN) Decl. ¶¶ 15, 30; Vigil (NM) Decl. ¶¶ 23-24, 38; Stavisky (NY) Decl. ¶¶ 24, 37-38; Rock (RI) Decl. ¶¶ 23, 36; Logan (LA County, CA) Decl. ¶ 12; Michalowski (Cook County, IL) Decl. ¶ 8; Bellows Decl. Ex. I, GAO Report 07-889 (describing decreases in Medicaid enrollment among eligible citizens caused by a documentary proof of citizenship requirement, including in one state that identified 18,000 individuals who were denied or lost coverage due to the requirement); RJN at 4.

51.     In Arizona, which has implemented documentary proof of citizenship requirements for voter registration for state elections, tens of thousands of voters have experienced barriers to full registration.  Fontes (AZ) Decl. ¶ 15 ("As of October 1, 2025, approximately 37,000 Arizona voters are registered as federal only voters because they did not

provided Arizona DPOC when registering. These voters are not permitted to vote in state elections."); *id.* at ¶¶ 10-14 (providing background on Arizona's requirement for documentary proof of citizenship).

52.     Investigations of noncitizen voting confirm that such voters make up at most a very small fraction of a percent of all voters. Bellows Decl. Ex. J, Office of the Indiana Secretary of State, Press Release (describing "preliminary results" of investigation indicating voter registration by 165 noncitizens, 21 of whom have cast ballots); Bellows Decl. Ex. K, Indiana Secretary of State, *General Election Turnout and Registration* (reflecting 4.84 million registered voters in Indiana as of the 2024 general elections, 2.98 million of whom voted in that election); RJN at 4; Brater (MI) Decl. ¶¶ 6, 20 (Michigan Department of State identified only "16 possible incidents of non-citizens voting in the November 2024 election" out of more than 5.6 million ballots cast).

53.     A large number of voting-age U.S. citizens do not possess a valid passport. Bellows Decl. Ex. L, U.S. Department of State, *Reports and Statistics: U.S. Passports* (only 160,668,889 valid passports in circulation in 2023, some of which are issued to children); RJN at 4; Census Bureau, *Estimates of the Voting-Age Population for 2023*, 89 Fed. Reg. 2118 (Mar. 29, 2024) (262,083,034 voting age citizens nationwide for 2023); RJN at 4-5.

54.     The minimum fee required to obtain a U.S. passport is $65. Bellows Decl. Ex. M, U.S. Department of State, *Passport Fees*; RJN at 4.

55.     Routine processing times for U.S. passport applications range from 4 to 6 weeks, not including mailing. Bellows Decl. Ex. N, U.S. Department of State, *Processing Times for U.S. Passports*; RJN at 4.

56.     In most Plaintiff States, REAL IDs do not indicate whether the individual is a citizen. Lean (CA) Decl. ¶ 9; Wlaschin (NV) Decl. ¶ 9; Fontes (AZ) Decl. ¶ 9; Rudy (CO) Decl. ¶ 21; Sullivan (CT) Decl. ¶ 18; Albence (DE) Decl. ¶ 16; Tassinari (MA) Decl. ¶ 7; Dorsey (MD) Decl. ¶ 12; Flynn (ME) Decl. ¶ 9; Brater (MI) Decl. ¶ 20; Vigil (NM) ¶ 9; Stavisky (NY)

Decl. ¶ 9; Rock (RI) Decl. ¶ 9; *cf.* Hanzas (VT) Decl. ¶ 22 ("We know that only one-fifth of Vermont's drivers can use their driver's license to prove citizenship.").

57. The standard Department of Defense identification card for active-duty military, the Common Access Card (CAC), does not indicate citizenship.  Sanborn Decl. ¶ 12 & Ex. A; RJN at 4; Rudy (CO) Decl. ¶ 32.

58. Certain individuals affiliated with the military who are not eligible for the CAC may obtain a Uniform Services Identification (USID) card.  While there are several versions of the USID, no version indicates citizenship.  Sanborn Decl. ¶ 13 & Ex. B; RJN at 4.

59. Members of the Armed Forces serving abroad or away from home may not have access to documentary proof of citizenship.  Sanborn Decl. ¶¶ 9-11.

60. Members of the Armed Forces are not required to carry a passport when on active duty abroad.  22 C.F.R. § 53.2(b)(1); Wlaschin (NV) Decl. ¶ 38.

61. Confusion created by the addition of a new documentary proof of citizenship requirement creates a risk of deterring eligible voters from attempting to register.  Lean (CA) Decl. ¶ 25; Wlaschin (NV) Decl. ¶ 25; Fontes (AZ) Decl. ¶ 31; Rudy (CO) Decl. ¶¶ 21-22; Tassinari (MA) Decl. ¶ 22; Dorsey (MD) Decl. ¶ 48; Flynn (ME) Decl. ¶ 23; Brater (MI) Decl. ¶¶ 18, 20 (noting that in November 2024 election 8,025 individuals voted by completing an affidavit of voter not in possession of photo ID and that the number lacking DPOC is "likely much higher"); Linnell (MN) Decl. ¶ 21; Vigil (NM) Decl. ¶ 25; Stavisky (NY) Decl. ¶ 26; Rock (RI) Decl. ¶ 24; Hanzas (VT) Decl. ¶ 22.

62. Confusion created by the addition of a new documentary proof of citizenship requirement creates a risk of eligible voters being unable to register due to misunderstanding about what documents will satisfy the requirement.  Lean (CA) Decl. ¶ 25; Wlaschin (NV) Decl. ¶ 25; Fontes (AZ) Decl. ¶ 31; Rudy (CO) Decl. ¶ 21; Sullivan (CT) Decl. ¶ 36; Tassinari (MA) Decl. ¶ 22; Dorsey (MD) Decl. ¶ 48; Flynn (ME) Decl. ¶ 23; Linnell (MN) Decl. ¶ 21; Vigil (NM) Decl. ¶¶ 25, 39; Stavisky (NY) Decl. ¶ 26; Rock (RI) Decl. ¶ 24; Hanzas (VT) Decl. ¶ 22; Michalowski (Cook County, IL) Decl. ¶ 8.

**Ballot Receipt Deadlines and the Public Interest**

63.    In recent election cycles, a portion of completed ballots have taken several days, and sometimes more than a week, to be delivered to elections officials.  Bellows Decl. Ex. O, USPS 2024 Post Election Analysis Report at 1, 3 (reflecting that only "97.73% of ballots [were] delivered from voters to election officials within three days"); RJN at 4; Lean (CA) Decl. ¶ 48 (during California's most recent Statewide Special Election, 13,909 vote-by-mail ballots with a postmark on or before Election Day arrived on the sixth day after Election Day, meaning that it took at least six days for USPS to deliver those ballots to elections officials. An additional 5,804 timely postmarked vote-by-mail ballots arrived on the eighth day after Election Day); Tassinari (MA) Decl. ¶¶ 42-44 (describing a history of mail delays experienced in connection with elections).

64.    Disqualifying ballots that voters placed in the mail by Election Day but arrive afterward would disproportionately harm military voters; elderly voters, voters with disabilities, and voters in rural areas.  Wlaschin (NV) Decl. ¶ 52; Dorsey (MD) Decl. ¶ 84; Stavisky (NY) Decl. ¶ 52; Rock (RI) Decl. ¶¶ 43-44.

65.    Eliminating post-Election Day ballot cure periods raises a risk of disenfranchising voters who are unable to cure minor ballot errors by Election Day.  Fontes (AZ) Decl. ¶ 57 ("In the 2024 general election, over 35,000 timely cast ballots were cured, including a substantial portion of which were cured after Election Day, but within the time-period allowed by Arizona statute."); Nago (HI) Decl. ¶ 34 ("In the 2024 general election, over 1,200 timely cast ballot were cured after Election Day but within the time-period allowed by Hawai'i law."); Dorsey (MD) Decl. ¶ 83 ("In the 2024 general election, over 1,100 timely cast ballots were cured after Election Day but within the time-period allowed by Maryland statute."); Brater (MI) Decl. ¶ 32; Barber (NJ) Decl. ¶ 32 ("[I]n New Jersey's 2022, 2023, and 2024 primary and general elections, 12,002 voters cured their mail-in and provisional ballots after Election Day."); Stavisky (NY) Decl. ¶ 53.

66.     Eliminating post-Election Day ballot cure periods would disproportionately harm elderly voters, disabled voters, and young voters.  Wlaschin (NV) Decl. ¶ 54; Fontes (AZ) Decl. ¶ 58; Stavisky (NY) Decl. ¶ 53; Rock (RI) Decl. ¶ 52.

**Scope of the Injunction as to 2(a) and 3(d)**

67.     Partially enacting a documentary proof of citizenship requirement as to only non-Plaintiff States will result in confusion that will foreseeably deter some eligible voters from registering in Plaintiff States.  Lean (CA) Decl. ¶¶ 38-39; Wlaschin (NV) Decl. ¶¶ 40, 41; Fontes (AZ) Decl. ¶¶ 44-46; Rudy (CO) Decl. ¶¶ 33-35; Sullivan (CT) Decl. ¶¶ 47, 49; Albence (DE) Decl. ¶ 31; Tassinari (MA) Decl. ¶¶ 31-32; Dorsey (MD) Decl. ¶¶ 65-66; Flynn (ME) Decl. ¶¶ 37-38; Linnell (MN) Decl. ¶¶ 32-33; Vigil (NM) Decl. ¶ 41; Stavisky (NY) Decl. ¶¶ 40-41; Rock (RI) Decl. ¶¶ 38-39; Hanzas (VT) Decl. ¶ 35.

68.     Partially enacting a documentary proof of citizenship requirement as to only non-Plaintiff States will result in confusion that will foreseeably cause some voter registration applicants seeking to register to vote in Plaintiff States to submit documentary proof of citizenship with their registration applications.  Lean (CA) Decl. ¶ 40; Wlaschin (NV) Decl. ¶ 42; Fontes (AZ) Decl. ¶¶ 44, 47; Rudy (CO) Decl. ¶¶ 33, 36; Sullivan (CT) Decl. ¶ 50; Tassinari (MA) Decl. ¶ 33; Dorsey (MD) Decl. ¶ 67; Flynn (ME) Decl. ¶ 39; Linnell (MN) Decl. ¶ 34; Vigil (NM) Decl. ¶ 42; Stavisky (NY) Decl. ¶ 42; Rock (RI) Decl. ¶ 40; Hanzas (VT) Decl. ¶ 36.

69.     If the documentary proof of citizenship requirement is implemented on the Federal Form or Post Card Form as to other States, Plaintiff States will need to divert resources to educate voters and the public regarding the rules applicable to voters registering in their States.  Lean (CA) Decl. ¶¶ 38, 41; Wlaschin (NV) Decl. ¶ 40; Fontes (AZ) Decl. ¶¶ 44-45; Rudy (CO) Decl. ¶¶ 33-34, 37; Sullivan (CT) Decl. ¶¶ 48, 51; Albence (DE) Decl. ¶ 31; Tassinari (MA) Decl. ¶¶ 31, 34; Dorsey (MD) Decl. ¶¶ 65, 69; Flynn (ME) Decl. ¶¶ 37, 40; Linnell (MN) Decl. ¶ 32; Vigil (NM) ¶ 40; Stavisky (NY) Decl. ¶ 43; Rock (RI) Decl. ¶¶ 38, 41; Hanzas (VT) Decl. ¶ 37.

70.    Creating and implementing appropriate procedures to manage sensitive personal documents submitted in error would require resources from Plaintiff States.  Lean (CA) Decl. ¶ 40; Wlaschin (NV) Decl. ¶ 42; Fontes (AZ) Decl. ¶¶ 44, 47; Rudy (CO) Decl. ¶ 36; Sullivan (CT) Decl. ¶¶ 50-51; Albence (DE) Decl. ¶ 31; Tassinari (MA) Decl. ¶ 33; Dorsey (MD) Decl. ¶¶ 67-68; Flynn (ME) Decl. ¶ 39; Linnell (MN) Decl. ¶ 34; Vigil (NM) Decl. ¶ 42; Stavisky (NY) Decl. ¶ 42; Rock (RI) Decl. ¶ 40; Hanzas (VT) Decl. ¶¶ 37-38.


Dated: December 12, 2025                                    Respectfully Submitted,


**ROB BONTA**
Attorney General of California

By: */s/ Anne P. Bellows*
*Anne P. Bellows
    Deputy Attorney General
*Thomas S. Patterson
    Senior Assistant Attorney General
 *Michael S. Cohen
 *Malcolm A. Brudigam
 *Kevin L. Quade
 *Lisa C. Ehrlich
 Nicholas R. Green (BBO No. 698510)
    Deputy Attorneys General
Office of the California Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3847
Anne.Bellows@doj.ca.gov
 *Counsel for the State of California*
 **Admitted pro hac vice*

 (*additional counsel for Plaintiff States listed on following pages*)

**AARON D. FORD**
Attorney General of Nevada

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
    Solicitor General
Craig Newby*
    First Assistant Attorney General
Kiel B. Ireland
    Chief of Special Litigation
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-9246
hstern@ag.nv.gov
*Counsel for the State of Nevada*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ M. Patrick Moore*
M. Patrick Moore (BBO No. 670323)
    First Assistant Attorney General
Anne Sterman (BBO No. 650426)
    Chief, Government Bureau
Phoebe Fischer-Groban (BBO No. 687068)
    Deputy Chief, Constitutional & Administrative Law Division
Chris Pappavaselio (BBO No. 713519)
    Assistant Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2495
Pat.Moore@mass.gov
*Counsel for the Commonwealth of Massachusetts*

**KRISTIN K. MAYES**
Attorney General of the State of Arizona

By: */s/ Joshua M. Whitaker*
Joshua M. Whitaker*
Karen J. Hartman-Tellez*
Kara Karlson*
    Assistant Attorneys General
2005 North Central Ave.
Phoenix, AZ 85004
(602) 542-7738
Joshua.Whitaker@azag.gov
*Counsel for the State of Arizona*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ Shannon Stevenson*
Shannon Stevenson*
    Solicitor General
Peter Baumann*
    Senior Assistant Attorney General
1300 Broadway
Denver, Colorado 80203
(720) 508-6400
shannon.stevenson@coag.gov
*Counsel for the State of Colorado*


**WILLIAM TONG**
Attorney General for the State of Connecticut

*/s/  Maura Murphy*
Maura Murphy*
    Deputy Associate Attorney General
Hartford, CT 06106
(860) 808-5020
Maura.Murphy@ct.gov
*Counsel for the State of Connecticut*


**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: */s/ Maryanne T. Donaghy*
Maryanne T. Donaghy*
    Deputy Attorney General
Vanessa L. Kassab
    Deputy Attorney General
Ian R. Liston
    Director of Impact Litigation
820 N. French Street
Wilmington, DE 19801
(302) 683-8843
maryanne.donaghy@delaware.gov
*Counsel for the State of Delaware*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ David D. Day*
David D. Day*
    Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
    Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
 david.d.day@hawaii.gov
*Counsel for the State of Hawaiʻi*


**KWAME RAOUL**
Attorney General for the State of Illinois

By: */s/ Vikas Didwania*
Vikas Didwania*
    Complex Litigation Counsel
Elizabeth B. Scott*
    Assistant Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(312) 814-5526
Vikas.Didwania@ilag.gov
*Counsel for the State of Illinois*

**AARON M. FREY**
Attorney General for the State of Maine

By: */s/ Jonathan R. Bolton*
Jonathan R. Bolton*
    Assistant Attorney General
6 State House Station
Augusta, ME  04333-0006
(207) 626-8800
Jonathan.Bolton@maine.gov
*Counsel for the State of Maine*


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

By: */s/ Adam D. Kirschner*
Adam D. Kirschner*
    Senior Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
410-576-6424
akirschner@oag.state.md.us
*Counsel for the State of Maryland*

**DANA NESSEL**
Attorney General of Michigan

By: */s/ Erik Grill*
Erik Grill*
Heather S. Meingast*
   Assistant Attorneys General
525 W. Ottawa, 5th Floor
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
grille@michigan.gov
*Counsel for the People of the State of Michigan*

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Peter J. Farrell*
Peter J. Farrell*
   Deputy Solicitor General
Angela Behrens*
   Assistant Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 757-1424
Peter.Farrell@ag.state.mn.us
*Counsel for the State of Minnesota*

**MATTHEW J. PLATKIN**
Attorney General Of New Jersey

By: */s/ Meghan K. Musso*
Meghan K. Musso*
Jonathan Mangel*
   Deputy Attorneys General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5276
meghan.musso@law.njoag.gov
*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ James W. Grayson*
James W. Grayson*
   Chief Deputy Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
jgrayson@nmdoj.gov
*Counsel for the State of New Mexico*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Colleen K. Faherty*
Colleen K. Faherty*
   Special Trial Counsel
28 Liberty Street
New York, NY 10005
(212) 416-6046
Colleen.Faherty@ag.ny.gov
*Counsel for the State of New York*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ James J. Arguin*
James J. Arguin (BBO No. 557350)
   Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Ext. 2078
jarguin@riag.ri.gov
*Counsel for the State of Rhode Island*


**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Ryan P. Kane*
Ryan P. Kane*
   Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov
*Counsel for the State of Vermont*


**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

By: */s/ Charlotte Gibson*
Charlotte Gibson*
   Assistant Attorney General
P.O. Box 7857
Madison, WI  53707-7857
(608) 287-4713
GibsonCJ@DOJ.STATE.WI.US
*Counsel for the State of Wisconsin*


*\*Admitted pro hac vice or pro hac vice applications forthcoming*

## <u>CERTIFICATE OF SERVICE</u>

I, Anne P. Bellows, hereby certify that I served a true copy of the above document upon all counsel of record via this Court's electronic filing system.

Dated:  December 12, 2025                              */s/ Anne P. Bellows*
                                                                   Anne P. Bellows
                                                                   Deputy Attorney General
                                                                   *Counsel for the State of California*