**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| STATE OF CALIFORNIA, et al., | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) ) |
|  | No. 25-cv-10810-DJC |
| DONALD TRUMP, et al., | ) ) ) |
| Defendants. | ) ) ) |

STATE OF CALIFORNIA, et al.,

      Plaintiffs

v.

DONALD TRUMP, et al.,

      Defendants.

No. 25-cv-10810-DJC

## JUDGMENT AND ORDER OF PERMANENT INJUNCTION

**CASPER, C. J.**                                                                                      **July 13, 2026**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1, and for the reasons explained in the Memorandum and Order entered on June 24, 2026, D. 190, the Court ALLOWS in part the Executive Branch's motion for summary judgment as to Wisconsin's claims, the non-Ballot Receipt States' claims against § 7(a) and the non-Ballot Receipt States' challenge to § 7(b) in Count VII and DENIES same as to the remaining claims, D. 166, and DENIES the States' motion for partial summary judgment as to Wisconsin's claims and the non-Ballot Receipt States' challenges to §§ 7(a) and 7(b) in Count VII, and ALLOWS same in part as to the remaining States' claims against §§ 2(a), 3(d) and 4(a) and the Ballot Receipt States' claims against §§ 7(a) and 7(b), D. 167; D. 186.

Accordingly, and in light of the parties' stipulation, D. 192, the Court finds that there is no genuine dispute as to any material fact; that Plaintiff States, except Wisconsin, are entitled to judgment as a matter of law on their challenges to Section 2(a), Section 3(d) and Section 4(a) of the

Executive Order No. 14248 (the "Executive Order") and that the Ballot Receipt States (California, Nevada, Massachusetts, Arizona, Colorado, Hawai'i, Illinois, Maryland, Michigan, New Jersey, New Mexico, New York and Rhode Island) are entitled to judgment as a matter of law on their challenges to Section 7(a) and Section 7(b) of the Executive Order; that Plaintiffs will suffer imminent and irreparable harm absent permanent injunctive relief; that the balance of equities and public interest favor granting this injunctive relief; and, that the scope of this injunctive relief is appropriate.

Accordingly, the Court hereby **ALLOWS** Plaintiff States' Partial Motion for Summary Judgment as to Plaintiff States', except Wisconsin's, claims against Section 2(a), Section 3(d) and Section 4(a) of the Executive Order and the Ballot Receipt States' claims against Section 7(a) and Section 7(b) of the Executive Order.

The Court **DECLARES** that §§ 2(a), 3(d), 4(a), 7(a) and 7(b) of the Executive Order are unconstitutional and void because they are *ultra vires* and violate the separation of powers under the United States Constitution; and

The Court **DECLARES** that § 2(a) of the Executive Order is inconsistent with the NVRA, and that § 3(d) of the Executive Order is inconsistent with UOCAVA.

Defendants, their officers, agents, servants, and employees, other than the President, are hereby permanently enjoined as follows:

(1) Defendants U.S. Election Assistance Commission, Chairman Donald L. Palmer, Vice Chair Thomas Hicks, and Commissioners Christy McCormick and Benjamin W. Hovland (EAC Defendants) are permanently enjoined from implementing Section 2(a) of the Executive Order or otherwise taking any steps to require documentary proof of citizenship as part of the federal mail-in voter registration form provided for in 52

U.S.C. § 20508;

(2) Defendant Secretary of Defense Pete Hegseth is permanently enjoined from implementing Section 3(d) of the Executive Order or otherwise altering the federal post card form provided for in 52 U.S.C. § 20301(b)(2) to require either documentary proof of citizenship or proof of eligibility to vote in a particular State;

(3)  The EAC Defendants are permanently enjoined from implementing Section 4(a) of the Executive Order against the Plaintiff States, except Wisconsin, or otherwise conditioning formula grant funding (including election security grants) to the Plaintiff States, except Wisconsin, on their adoption of a documentary proof of citizenship requirement provided for under § 2(a) of the Executive Order;

(4) Defendant Attorney General Pamela Bondi is permanently enjoined from implementing Section 7(a) of the Executive Order as to Plaintiffs California, Nevada, Massachusetts, Arizona, Colorado, Hawai'i, Illinois, Maryland, Michigan, New Jersey, New Mexico, New York, and Rhode Island, or otherwise taking any actions to enforce a ballot receipt deadline of Election Day against those States; and

(5) The EAC Defendants are permanently enjoined from implementing Section 7(b) of the Executive Order as to Plaintiffs California, Nevada, Massachusetts, Arizona, Colorado, Hawai'i, Illinois, Maryland, Michigan, New Jersey, New Mexico, New York, and Rhode Island, or otherwise conditioning formula grant funding, including election security grants, to Plaintiffs California, Nevada, Massachusetts, Arizona, Colorado, Hawai'i, Illinois, Maryland, Michigan, New Jersey, New Mexico, New York, and Rhode Island on their adoption of a ballot receipt deadline of Election Day.

Nothing in this Judgment and Order, or in the Memorandum and Order, D. 190, shall

prevent the Executive Branch from taking any lawful action that is not based upon §§ 2(a), 3(d), 4(a), 7(a) or 7(b) of the Executive Order as described herein.

This Judgment and Order shall remain in effect unless and until modified by the Court.

**SO ORDERED** this 13th day of July, 2026

By:    /s Denise J. Casper
       Hon. Denise J. Casper
       Chief United States District Judge